# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT



_Robert Haughton_
(Plaintiff,

v. _Town of Cromwell/_
_Cromwell Police Dpt._
Defendant(s).

Case No. _3:14 CV 1974 (VLB)_
(To be supplied by the Court)

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1.   Plaintiff resides at the following location: _9 Village Green Drive,_
_New Britain, CT 06053_

2.   Defendant(s) reside(s) at the following location [Attach additional sheets if more
space is required]: _41 West Street, Cromwell,_
_CT 06053_

3.   This action is brought pursuant to [Check all spaces that apply to the type of
claim(s) you wish to assert against the Defendant(s)]:

☒   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et
seq., for employment discrimination on the basis of race, color, religion, sex, or
national origin.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. §
2000e-5(f).  Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g)
and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

☐   Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621,
et seq., for employment discrimination based upon age.  Jurisdiction is alleged
pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343.  Equitable and other relief is
sought under 29 U.S.C. §§ 626(b) and (c) or   §§ 633a(b) and (c).

My Year of Birth is: _____.

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343.  Equitable and other relief is sought under 29 U.S.C. § 794a.

☐ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer.  Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f).  See 42 U.S.C. § 12117(a).  Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g).  Id.

4.     List **all** cases you have filed in this court in the last ten (10) years.  Use additional sheets if necessary:

*NONE*

_____

_____

_____

_____

_____

_____

5.     The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A)  ☐  Failure to hire me.  I was refused a job on the following date(s): ____

_____ .

(B)  ☐  Termination of my employment.  I was terminated from my employment on the following date: _____ .

(C)  ☒  Failure to promote me.  I was refused a promotion on the following date(s): _____ .

2

(D)  ☐  Other acts as specified below: _____

_____

_____

_____

_____

6.  The conduct of the Defendant(s) was discriminatory because it was based upon:

race [☑ color [☐, religion [☐, sex [☐, age [☑ national origin [☐ or disability [☐.  [Please

check all applicable bases for your claim of discrimination and explain further, if

necessary]: _____

_____

7.  The facts surrounding my claim of employment discrimination are as follows

[Attach additional sheets, if necessary]:  ✱ Please see attached ✱

In 2006 I was not assigned to School

Resource Officer due to accent and the

town being political. Caucasian Officer

with less experience was assigned to the

position.

In 2013, Caucasian Officer (female) was

promoted to detective with only two years

8.  The approximate number of persons who are employed by the Defendant

employer I am suing is: ____27____.

9.  The alleged discrimination occurred on or about the following date(s) or time

period: __2001, 2006, 2013_____.

experience and I have 12 years experience.

I was unfairly denied promotion and special assignments because of my race and ethnic background. I was never afforded the opportunity to appointed to the position of School Resource Officer, Field Training Officer or Detective in 12 years. The opportunity was given to me after filing my Connecticut Human Rights Opportunity.

10.     I filed charges with the:

⊠     Equal Employment Opportunity Commission

⊠     Connecticut Commission on Human Rights and Opportunities

11.     The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: _12/19/14_.

[**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

12.     The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: _____

_____

_____

_____

13.     If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

14.     WHEREFORE, Plaintiff(s) pray(s) that: The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.):

☐     Injunctive orders (specify the type of injunctive relief sought): _____

_____;

☐     Backpay;

4

☐   Reinstatement to my former position;

☒   Monetary damages (specify the type(s) of monetary damages sought): __

$450,000, Defamation, Emotional Distress ;

___ ☐   Other (specify the nature of any additional relief sought, not otherwise

provided for on this form): _____

_____ ;

AND costs and attorneys' fees.

## JURY DEMAND

I hereby      DO ☒      DO NOT ☐   demand a trial by jury.

_____     _____
Original signature of attorney (if any)     **Plaintiff's Original Signature**

| | |
|---|---|
| | Robert Haughton |

Printed Name and address     Printed Name and address

9 Village Green Drive

New Britain, CT 06053

( )                                         (860) 833- 4003
Attorney's telephone     Plaintiff's telephone

mello_tiny@yahoo.com
Email address if available     Email address if available

Dated: 12/30/14

5

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____ on _____.
(location)                                                          (date)

_____
**Plaintiff's Original Signature**

(Rev. 9/24/08)

6



U.S. Department of Justice
Civil Rights Division

CERTIFIED MAIL
2014 3623

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

December 19, 2014

Mr. Robert Haughton
9 Village Green Drive
New Britain, CT  06053

Re:  EEOC Charge Against Town of Cromwell, Cromwell Police Dept.
　　No. 16A201400454

Dear Mr. Haughton:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Boston Area Office, Boston, MA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Acting Assistant Attorney General
Civil Rights Division

by *Karen S. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Boston Area Office, EEOC
　　Town of Cromwell, Cromwell Police Dept.



**U.S. Equal Employment Opportunity Commission**
**Boston Area Office**

John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203
(617) 565-4805
TTY (617) 565-3204
FAX (617) 565-3196
1-800-669-4000

Respondent: TOWN OF CROMWELL AND/OR THE TOWN OF CROMWELL POLICE DEPT.
EEOC No: 16A-2014-00454

Robert Haughton
9 Village Green Drive
New Britain, CT 06053

Dear  Haughton:

The Equal Employment Opportunity Commission has received your request for a Notice of Right to Sue in the above referenced charge.

Your request has been forwarded to the U.S. Department of Justice (DOJ) for action. That Agency will act on your request and issue the Notice directly to you.

If you have any questions, please call this office at (617) 565-4805.

On behalf of the Commission:

OCT 2 9 2014
_____
Date

_____
Feng K. An
Director

cc:



**State of Connecticut**

# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

West Central Region Office, 55 West Main Street, 2ⁿᵈ Floor, Suite 210, Waterbury, CT 06702

*Promoting Equality and Justice for all People*

December 6, 2013

Darlene DiProto, Town Clerk
Town of Cromwell
541 West Street
Town Hall, 2ⁿᵈ Floor
Cromwell, CT 06416

RE: CHRO No. 1430224 Robert Haughton vs. Town of Cromwell Police Department

Dear Respondent:

A complaint, referenced above, has been filed against you with the Commission. A copy of the complaint is attached.

The enclosed General Notice advises you of your rights, duties and responsibilities. Please read carefully the information contained in the notice. Also enclosed is important information with respect to the no fault conciliation process. The Commission is available to assist you if you wish to pursue settlement of this complaint.

**You must file a written answer to the complaint under oath with the Commission within 30 days of receipt of this complaint. If you fail to answer the complaint within this time, you may be defaulted by the Commission.**

You have a duty to certify to the Commission that you have provided the complainant with copies of all documents you file with the Commission. For your convenience and use, the enclosed Certification Form is made available.

If I can be of further assistance, please do not hesitate to contact me.

Sincerely,

Donna M. Wilkerson Brillant
Regional Manager

Enclosures:   Affidavit
Schedule A Request for Additional Information
General Notice
Certification of Mailing



**State of Connecticut**

## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

West Central Region Office, 55 West Main Street, 2nd Floor, Suite 210, Waterbury, CT 06702

*Promoting Equality and Justice for all People*

December 6, 2013

Robert Haughton
9 Village Green Drive
New Britian, CT 06053

RE: CHRO No. 1430224 Robert Haughton vs. Town of Cromwell Police Department

Dear Complainant:

This letter confirms that your complaint, referenced above, has been filed with the Commission.

The enclosed General Notice advises you of your rights, duties and responsibilities. Please read carefully the information contained in the notice. Also enclosed is important information with respect to the no fault conciliation process.

You have a duty to respond <u>timely</u> to any information or assistance requested and to cooperate with the Commission at all times. It is your sole duty and responsibility to notify the Commission of your whereabouts at all times throughout the pendency of this complaint. In the event that your address, telephone number or email addresses change, it is your duty to notify the Commission immediately in writing.

Also, you have a duty to certify to the Commission that you have provided the Respondent with copies of all documents you file with the Commission. For your convenience and use, the enclosed Certification Form is made available.

If I can be of further assistance, please do not hesitate to contact me.

Sincerely,

Donna M. Wilkerson Brillant
Regional Manager

Enclosures:   Affidavit
              Schedule A Request for Additional Information
              General Notice
              Certification of Mailing

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
**AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE**

DATE: November 25, 2013                    CASE NO: 1430224

My name is Robert Haughton and I reside at 9 Village Green Drive, New Britain,  CT 06053.

My email address is mello_tuffy@yahoo.com

The respondent is the Town of Cromwell and/or the Town of Cromwell Police Department whose business address is 5 West Street, Cromwell, CT 06418.

The alleged discrimination took place in Cromwell, Connecticut.

I was

| | |
|---|---|
| ( ) terminated | ( ) not hired/not promoted |
| ( ) suspended | ( ) not rented a dwelling |
| ( ) placed on probation | ( ) harassed ( ) sexually harassed |
| ( ) demoted | ( ) earning a different rate of pay |
| ( ) warned | ( ) constructively discharged |
| ( ) given a poor evaluation | ( ) retaliated against |
| ( ) denied a raise | ( ) denied a reasonable accommodation |
| ( ) less trained | ( ) delegated difficult assignments |
| ( ) denied service (s) | (X)discriminated against in the |
| (X) denied special assignments | terms/conditions of employment |

on 7-15-13 and prior and believe that my

| | |
|---|---|
| (X) race (black) | (X) national origin (Jamaica) |
| (X) color (black) | ( ) marital status |
| ( ) sex { }male { }female | ( ) physical disability |
| (X) previous opposition, filing, | ( ) intellectual disability |
| testimony or assistance | ( ) mental disability |
| ( ) ancestry | ( ) religious creed    ( ) creed |
| ( ) age _____DOB: | ( ) familial status |
| ( ) religion | ( ) sexual orientation |
| ( ) pregnancy | ( ) learning disability |
| ( ) alienage | ( ) lawful source of income |
| ( ) gender identity or expression | ( ) genetic information |
| ( ) other _____ | |

were in part factors in this action.  I believe that the respondent violated the following

Issued 4/94
Revised 9/20/2011

statutes and acts listed below:

(X) CONN. GEN. STAT. § 46a-58(a)
(X) CONN. GEN. STAT. § 46a-60(a)(1)
(X) CONN. GEN. STAT. § 46a-60(a)(4)
( ) CONN. GEN. STAT. § 46a-60(a)(5)
( ) CONN. GEN. STAT. § 46a-60(a)(7)( )( )( )
( ) CONN. GEN. STAT. § 46a-60(a)(8)( )( )( )
( ) CONN. GEN. STAT. § 46a-64( )( )
( ) CONN. GEN. STAT. § 46a-64a( )( )( )
( ) CONN. GEN. STAT. § 46a-70
( ) CONN. GEN. STAT. § 46a-71
( ) CONN. GEN. STAT. § 46a-80 ( )
( ) CONN. GEN. STAT. § 46a-81( )( )( )
( )other_____

(X) Title VII of the Civil Rights Act of
1964, 42 U.S.C § 2000e-2
{cite for 15 individuals employed}
( ) Age Discrimination in Employment
Act of 1967, 29 U.S.C. §§ 621-634
{cite for over 20 individuals employed}
( ) Americans With Disabilities Act,
42 U.S.C. § 12101 et seq.
( ) Equal Pay Act of 1964, U.S.C. § 206
( ) Section 504 of the Rehabilitation Act
of 1973

I provide the following particulars:  (PLEASE TYPE OR PRINT THE  INFORMATION)

**(Use numbered short paragraphs for each specific allegation)**

1. My name is Robert Haughton.

2. I reside  at 9 Village Green Drive, New Britain, CT 06053.

3. Respondent is the Town of Cromwell, Connecticut and or Town of Cromwell

   Police Department whose business address is 5 West Street, Cromwell,

   Connecticut 06416.

4. Respondent employs at least 15 people.

5. On and prior to July 15, 2013 and continuing thereafter to the present time,

   Respondent has denied me professional advancement to my financial detriment

   and loss.

6. I believe this situation occurred, at least in part, due to my race (black) color

   (black) my national origin (Jamaica) and or my prior complaints to Respondent of

   discriminatory conduct.

7. Respondent hired me as a police officer May 7, 2001.

Issued 4/94
Revised 9/20/2011

8. I remain employed by Respondent as a police officer.

9. Respondent has evaluated my performance as a police officer as satisfactory or better on a consistent basis.

10. In May 2013, I complained to Respondent that I was being denied appointment to special assignments consistently over the course of my twelve years plus with Respondent.

11. Respondent has failed to take responsive action to remedy the claimed discriminatory conduct by making promotional employment or assignments equally available to me.

12. I charge Respondent with illegal discrimination based on race, color, national origin and prior complaints of discriminatory conduct because it has failed consistently to give me a promotional assignment to the positions of school resource officer and or detective notwithstanding my superior qualifications to those non bases Respondent employees hired or appointed over me for the desired advancement opportunity.

13. I am fully qualified for appointment to the above-referenced positions and complied with all hiring requirements when these opportunities became available but was passed over for less qualified non-bases employees

14. Respondent (Chief Salvatore) (Caucasian- European-American) responded in writing to my concerns and directed that I keep him and or Captain Lamontagne apprised of my continued efforts to receive a promotional assignment.

15. Respondent Salvatore's letter of May 24, 2013, responsive to my complaints, is derogatory and insulting as a current member of Respondent's police department.

16. Notwithstanding the aforementioned assurances by Respondent, I continue to be

F103

Issued 4/94
Revised 9/20/2011

denied promotional advancement to my financial loss and detriment.

17. I charge Respondent with not promoting me or giving me special assignment at a higher pay scale on a continuing basis to retaliate against me for making an internal claim of discriminatory and retaliatory conduct by Respondent.

Issued 4/94
Revised 9/20/2011

**IMPORTANT**: <u>YOU MUST OBTAIN A NOTARIZATION OF YOUR COMPLAINT</u>
<u>BEFORE YOU RETURN THIS FORM</u>

I request the Connecticut Commission on Human Rights and Opportunities investigate
my complaint, secure for me my rights as guaranteed to me under the above cited laws
and secure for me any remedy to which I may be entitled.

*Robert Knight* being duly sworn, on oath, states that he is the Complainant
herein; that he has read the foregoing complaint and knows the content thereof; that
the same is true of his own knowledge, except as to the matter herein stated on
information and belief and that as to these matters he believes the same to be true.

Dated at __Waterbury__ Connecticut this 25th day of __November__, 20 13.

                                          _Knight_
                                          (Complainant's Signature)


Subscribed and sworn to before me this 25th day of __November__ 20 13

                                          _Manuel I. Henry_
                                          ~~Notary Public~~/Commissioner of
                                          the Superior Court
                                          ~~My commission expires:~~ _____


F103                                                           Issued 4/94
                                                               Revised 9/20/2011

# Cromwell Police Dept
## Memo

**TO:**    Chief Salvatore

**From:** Officer Robert Haughton

**Date:**  May 17, 2013

**Re:**    **SRO, FTO, DETECTIVE**

Dear Chief Salvatore,

I respectfully submit this letter to serve as a request for you to investigate why I have not been appointed to multiple special assignments that I have expressed interest in over the past 12 years of my career. After effectively communicating to superiors that I was interested in the School Resource Officer (SRO) position, the Field Training Officer (FTO) position, and a position as detective, Caucasian male and female officers with less experience have been appointed to those positions instead. It appears that there is preferential treatment towards other officers as I was overlooked each time. This is unfair to me and other officers in this department who wish to excel in other areas of this profession. As a public institution that protects and serves the entire diverse community, it must also set the right example by implementing fair policies and practices when it comes to awarding special assignments within the department.

In 2006 I expressed my interest in becoming SRO. I was advised by a superior at that time that I would not be assigned the position, "due to my accent and the town being political". A Caucasian officer with less seniority and experience was awarded the position. Recently,

another African American officer expressed his interest in the SRO position. The position yet again was awarded to a Caucasian officer with less seniority and experience than the African American officer, and the Caucasian officer was also still on probation at the time. This shows a pattern of discrimination against African American officers.

Approximately two months ago I was approached by Captain Lamontagne, who asked me what my aspirations were in the department. I advised her that I would like to become a detective or a FTO. Captain Lamontagne stated that if I became a detective, I could not be a FTO. I was recently made aware that Officer Young, a Caucasian female, was appointed to the Detective Bureau. While I hold no grudge against Officer Young, I do not understand how an officer with approximately two years of experience as a police officer is more qualified and prepared than an officer with approximately 12 years of experience. I am aware that Captain Lamontagne and Officer Young associated outside of work on their own personal time, but I would hope that their friendship would not have influenced the decision to appoint Officer Young instead of myself to the detective position.

It appears that the manner in which the past candidates were evaluated and chosen, again have an appearance of discrimination as they were Caucasian male and female officers with less experience and seniority than their African American male counterparts with more experience. I am not aware of a formal review process that measures job performance after an officer has completed their field training and probationary period and as a result, I am not aware how these special assignments are awarded. Whatever this secretive and standardless process is, it appears to have elements of racial bias as well as gender discrimination. The department has chosen to cloak these promotions to special assignments in secrecy, and give the all-Caucasian

administration and supervisors who run the department unfettered discretion to handpick Caucasian officers for promotion over more qualified male African-American officers.

I have performed my duties well as a police officer over the past 12.  I have conducted investigations that have been reviewed and approved by both the current Captain and Detective Sergeant.  I have been awarded a citation and commendations for my performance as a police officer.  I have more seniority, experience, and qualifications than other candidates that showed interest in the same special assignments that I did.  As a result of these past practices I feel that I have been unfairly denied these special assignment opportunities and have observed a pattern of disparaging treatment.  As an institution of public trust, it is unacceptable for a police department to deny African American officers the promotions they are qualified for.

Being mistreated because of your gender and race is considered discrimination. The color of a person's skin or the country of his or her origin should not be used against a person in determining whether or not the individual should be awarded a special assignment.  The Cromwell Police Department must eliminate its discriminatory practices and establish a career advancement program  that is more transparent, systematic, and fair to all employees regardless of their race and gender.  I am respectfully asking you to look into this matter and as to why I was never afforded the opportunity to be appointed to the position of SRO, FTO, or Detective.

If I do not receive a timely response to this request I will forward a copy of this letter to Human Resources for review.


Respectfully submitted,

Officer Robert Haughton



# CROMWELL
# POLICE DEPARTMENT
### 5 WEST STREET
### CROMWELL, CT 06416



ANTHONY J. SALVATORE, SR.
CHIEF OF POLICE

PHONE: (860) 635-2256
FAX: (860) 635-8248

May 24, 2013

Officer Robert Haughton
Cromwell Police Department
5 West Street
Cromwell, CT 06416

Dear Officer Haughton,

I would like to start off by stating that I take the allegations you presented in your memorandum to me of May 17, 2013 concerning SRO, FTO, DETECTIVE very seriously.

I am particularly concerned with your claims and allegations because in my 22 years as Chief of Police of the Cromwell Police Department and in my capacity as Lieutenant/Captain of the Cromwell Police Department, I have worked very hard at creating a diverse workforce, hiring five females and three African American males with a present workforce of 25 officers that has four females and three African American males. Your claim that there is a pattern of discrimination in the Cromwell Police Department where Caucasian male officers and female officers have been favored over you and other African American officers is both unfortunate and untrue. You have not been discriminated against in any manner whatsoever, nor has any other officer in the Department, regardless of their race, sex, sexual orientation, national origin or for any other legally protected reason. To the contrary, as is explained in greater detail in this letter, you have been provided with opportunities for assignments, as well as other African American officers having been given various different assignments within the Department.

I must first note that in your letter you mistakenly indicate special assignments are promotions. The fact that you misunderstand promotions versus assignments does not instill much confidence in me of you and may be indicative of why you have not been as successful as you might have hoped by this point in your career. In the Cromwell Police Department we have a number of assignments, of which only three of them are mentioned above and only three promotional positions (Sergeant, Captain, Chief).

As Chief of Police, I have the ability to assign officers to the three assignments you referenced in your memorandum, as well as all other assignments within the Department, based upon the Town/Union collective bargaining agreement and Town Charter. I have wide latitude and discretion to make these assignments and I base my decisions upon the

officer's skills, capabilities, performance as well as the officer's ability to pass specialized training courses if required, not on the officer's seniority and certainly not based on the officer's sex or race.

The School Resource Officer (SRO) position, as stated above, is an assignment. As to your claim, "due to my accent and the town being political" you were not considered for the SRO assignment, I am not aware of any superior officer that would have made this statement. You did not specify in your memorandum the officer who made this statement and, of greater concern, this is the first time, seven years later, that you brought this matter to my attention.  Without knowing the superior officer's identity, it is very difficult to further address this claim.

Upon recently learning that you were interested in the Field Training Officer (FTO) assignment, Captain Lamontagne and I had discussed getting you into a class. I was surprised that you failed to mention in your memorandum that the FTO class/position was offered to you recently.  As you know, a class was being held at the Bristol Police Department and Captain Lamontagne contacted you immediately regarding this. Unfortunately, you were going to be away on vacation during the period that this course was offered. These classes are limited and the ability to assign officers is diminished based upon this. We learned that there is an upcoming class, however, it is being offered during the Traveler's Championship which makes it unacceptable to assign anyone to go from this Department. However, if you remain interested and are available for the next scheduled class, Captain Lamontagne and I remain interested in sending you to this class.

You mention in your memorandum that recently an African American male expressed interest in the SRO assignment, yet it was assigned to a Caucasian officer, with less seniority and experience than the African American officer, which in your opinion shows a pattern of discrimination. The reasons for that assignment are as described above.  You also failed to mention in your memorandum that Officer Tolton, a black officer has been assigned to the Marine Patrol and is also a Child Seat Installer, which you had the opportunity to become but you failed the written test twice.

You also failed to mention that I have assigned Officer Ellison, another black officer, to FTO as well as having been previously assigned to the detective division. Officer Ellison was recently asked to return to the detective division because of his investigative abilities and excellent performance currently and in the past, especially in the 2008 double murder investigation, but Officer Ellison declined. Officer Ellison also completed specialized training in Accident Investigation 1, 2, and 3 (reconstruction).

Furthermore, Officer Ellison failed to provide his letter of intent/resume' for the recent promotional process in 2012. When I became aware of this, I advised him that I would extend the deadline if the Union would not object. Because Officer Ellison declined, the deadline was never extended.

Even though it is not relevant to this matter, I am aware that when Captain Lamontagne was a Sergeant she did associate with Officer Young. No different than other Sergeants associating with Patrol Officers. However, I also understand that Captain Lamontagne recognized that upon being promoted to her current position this could become a problem and as a result has had limited contact with Officer Young outside of the work environment.

In terms of your abilities and performance, which are some of the primary criteria on which assignment decisions are based, I have been informed or have had personal knowledge:

- that you did not pass Child Safety Seat Installations twice,
- that you did attend Driving While Intoxicated School, but had to recently receive a refresher in the proper techniques of the Standardized Field Sobriety testing,
- that you continually have reports returned to you for a variety of reasons by supervisors,
- that you recently were dispatched to a reported found property which turned out to be a safe, and rather than secure for processing or determine if it was stolen you were going to seize it for disposal.

As I discussed above, I have tried to provide you with assignments that you have been interested in, including being a bicycle officer, which you also failed to mention. Also, Captain Lamontagne, as you cited contacted you two months ago and asked of your aspirations. Just days before receiving your memorandum, Captain Lamontagne asked you to her office after she recognized that it was your handwriting on the whiteboard in the squad room which stated "equal opportunity". She asked you to her office so that the Department could address whatever concerns you might have. Again, you did not initiate contact with either the Captain or me about this issue, assignments and/or specialized training, but rather anonymously posted this on the whiteboard. Because the Department takes matters of "equal opportunity" very seriously, Captain Lamontagne immediately discussed with you your concerns and at that time the only issue you raised was that officers with lesser seniority were receiving such assignments. You never mentioned any claims of discrimination. In fact, prior to the Captain's meeting with you, you never previously made me or the Captain aware of any issues concerning assignments or the issues you cited in your memorandum.

I hope my response has addressed your concerns as well as misperceptions. I reiterate that the Cromwell Police Department will not tolerate, and had not tolerated, discrimination in any form as it relates to you or any other officer or employee in the department. In the future if you have any issues that cannot be addressed on a lower level please do not hesitate to contact Captain Lamontagne or myself.

Sincerely,

Anthony J. Salvatore
Chief of Police