UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT HAUGHTON,                                        :
    Plaintiff,                                      :
                                         :       Civil Action No.
                                         :       3:14-CV-1974 (VLB)
          v.                                      :
                                         :
TOWN OF CROMWELL, CROMWELL                              :
POLICE DEPARTMENT,                                      :       March 6, 2017
    Defendants.                                     :

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

      Before the Court is the Plaintiff's Motion to Amend the Complaint.  After filing a Complaint with the Commission on Human Rights and Opportunities and receiving a Right to Sue letter from the Equal Employment Opportunity Commission on December 19, 2014, Plaintiff brought his Complaint *pro se* against Defendant on December 30, 2014.  [Dkt. No. 1]  Plaintiff filed his Motion to Amend to assert two additional claims on May 22, 2016.  For the reasons set forth below, Plaintiff's Motion is DENIED.

    I.     Factual Background

      Plaintiff's original Complaint alleges employment discrimination on the basis of race, color, and national origin.  [Dkt. No. 1 at 1.]  The Commission on Human Rights and Opportunities ("CHRO") Complaint attached to Plaintiff's Complaint also alleges discrimination based on Plaintiff's "prior complaints to [CPD] of discriminatory conduct."  [Dkt. No. 1 at  Affidavit.]  Plaintiff alleges he has been employed by Defendant Cromwell Police Department ("CPD") since May 7, 2001, and remains employed by CPD.  *Id.*  Plaintiff asserts CPD evaluated his

performance as a police officer as satisfactory or better on a consistent basis, but was denied appointment to special assignments consistently over the course of his employment.  *Id.*  Specifically, Plaintiff asserts CPD failed to promote him to detective in 2013, when he had twelve years of service, and instead promoted a Caucasian officer with only two years of experience.  [Dkt. No. 1 at 3.]  Plaintiff alleges in his Complaint and in the attached CHRO Complaint that he was not promoted due to his race and ethnicity.  *Id.* at 3-4.

Plaintiff also attached to his Complaint an internal memorandum he sent to CPD Chief Salvatore.  In the memorandum, he requests an investigation into why he received no promotions in his twelve years of service, observes that "Caucasian male and female officers with less experience and seniority than their African American male counterparts with more experience" have been more frequently promoted, raising an appearance of discrimination.  [Dkt. No. 1 at Memorandum.]  Plaintiff asserts "[b]eing mistreated because of your gender and race is considered discrimination," and requests a more transparent, systematic, and fair career advancement program.  *Id.*

The Court's Order granting in part and denying in part Defendant's Motion to Dismiss the original Complaint found the original Complaint, "liberally construed, alleges that he was passed over for assignment to detective in 2013 as a result of his race, national origin or ethnicity."  [Dkt. No. 30.]

II.   <u>Statement of Law</u>

A party "may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so

requires."  Fed. R. Civ. P. 15.  Amendment is inappropriate when there is evidence of "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962).  "[T]he district court has discretion to deny leave to amend where the motion is made after an inordinate delay, and the introduction of new claims and/or new parties would delay a scheduled trial." *Johnson v. N.Y.*, 100 F.3d 941, 941 (2d Cir. 1996) (finding it within Court's discretion to deny motion to amend Complaint where Complaint was filed in 1990, motion to amend was filed July 1993, and trial was scheduled for 1994).

   III.   <u>Analysis</u>

   In this case, Defendant does not give written consent to Plaintiff's proposed amendment, so the Court must determine whether justice requires it to allow the amendment.  [Dkt. No. 36 (Defendant's Opposition to Plaintiff's Motion to Amend).]

   A person may file with the Equal Employment Opportunity Commission ("EEOC") a charge of "unlawful employment practice . . . within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e–5(e).  If, one hundred and eighty days after receiving the charge, the EEOC or Attorney General have not filed a civil action and the EEOC has not entered into a conciliation agreement to which the person aggrieved is a party, the EECO shall send the aggrieved person "notice [that] a civil action may be brought against the respondent named in the charge."  42 U.S.C. § 2000e-5(f)(1).

The aggrieved person must bring any such civil action "within ninety days" after the EEOC's notice.  *Id.*  The EEOC's notice is commonly known as a "right-to-sue" letter.  *See Miller v. Hous. Auth. of City of New Haven*, No. 3:13-CV-1855, 2014 WL 2871591, at *5 (D. Conn. June 24, 2014) ("Title VII requires that a plaintiff exhaust her administrative remedies by timely filing a complaint with the EEOC, obtaining a right-to-sue letter, and filing suit within ninety days of the receipt of that letter.").

Plaintiff asserted retaliation, but not gender discrimination, in his CHRO Complaint.  Accordingly, Plaintiff has not exhausted his administrative remedies regarding gender discrimination.  While there are certain circumstances under which a Court may waive the administrative exhaustion requirements, those circumstances are limited.  *Miller*, 2014 WL 2871591 at *5. While there is disagreement within the Second Circuit regarding the standard for waiving administrative exhaustion, the two standards generally applied are (1) whether the plaintiff "shows or alleges that [s]he made an effort to procure the right to sue letter or that [s]he raised the failure to issue a right to sue letter with the EEOC prior to filing a federal court action" or (2) "some extraordinary event such as an error by the EEOC in addition to mere diligence by a plaintiff."  *Id.*  Neither condition is present here.  Rather, Plaintiff admits he simply failed to raise gender discrimination in his CHSO Complaint.  Plaintiff's gender discrimination claim is not administratively exhausted, and allowing amendment to raise it now would be futile.

4

In addition, **Plaintiff moved to assert retaliation through an amended complaint seventeen months after receiving a right-to-sue letter.  [Dkt. Nos. 1 (Letter); 35 (Motion to Amend).]  Plaintiff was required to bring any civil action against Defendant for alleged unlawful employment practice within ninety days of receiving a right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1).  In this case, Plaintiff must have raised his retaliation claim by March 19, 2015.  [Dkt. No. 1 (Letter).]  Plaintiff's retaliation claim was time barred on the date the motion to amend was filed.  Granting Plaintiff's motion to raise it would be futile.**

IV.    <u>**Conclusion**</u>

Because allowing **Plaintiff to amend his Complaint to assert time-bared or administratively unexhausted claims would be futile, Plaintiff's Motion to Amend is DENIED.**

**It is SO ORDERED.**

_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut**